

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 18, 1961

Dr. J. W. Edgar
Commissioner of Education
State of Texas
Austin, Texas

Opinion No. WW-1225

Re: What responsibility and
authority, if any, does
the Central Education
Agency have periodically
to audit State funds al-
lotted to the County
Administration Fund and
Transportation Fund to
determine if such funds
are being expended pur-
suant to statute?

Dear Sir:

   You have requested the opinion of this office as
to what responsibility and authority, if any, the Central
Education Agency has periodically to audit State funds al-
lotted to the County Administration Fund and Transportation
Fund to determine if such funds are being expended pursuant
to statute.

   An initial discussion of the nature of these two
funds is required. Articles 2700, 2701 and 3888, Vernon's
Civil Statutes, provide for the salaries and operation of
the office of county superintendent. Under these statutes,
the salaries and traveling expenses of the county superin-
tendent, his assistants, and the county supervisors are
paid from the County Administration Fund. The County Ad-
ministration Fund is created by Article 2827a, Vernon's
Civil Statutes, and is drawn from the State Available
School Fund. This fund is paid into the county depository
by the Commissioner of Education in response to the budget
prepared by the County School Board. After it is received
by the county depository, the fund may be drawn upon by
vouchers filed by the county superintendent and approved
by the County School Board.

   The Transportation Fund is established by Article
2922-15, Vernon's Civil Statutes, and is utilized to finance
the transportation of pupils to and from school. The opera-
tion of the fund is the same as that outlined above for the
County Administration Fund.

Article 2919g, Vernon's Civil Statutes, requires an annual audit of school district fiscal accounts. This audit was apparently intended to cover all State Available School Fund monies disbursed by the State in the operation of common and independent school districts. It must be noticed, however, that the funds presently in question, the County Administration Fund and the Transportation Fund, are not at any point channeled through a school district account. Therefore, any audit conducted under Article 2919g, Vernon's Civil Statutes, would be futile insofar as these particular funds are concerned.

It has come to the attention of this office that numerous County Auditors are auditing these County Administration and Transportation Funds, apparently acting under the provisions of Article 1652, Vernon's Civil Statutes. This action is apparently unauthorized on the basis of Article 1652, since that Article refers specifically to school district accounts. Further, it has been held that a County Auditor has no authority to approve or disapprove the disbursement of school funds. Houston National Exchange Bank v. School District No. 25, Harris County, 185 S.W. 589 (Civ. App. 1901).

The statutes, then, make no express provision for any accounting for these particular funds. If any power to audit exists, it must be inferred from the general law.

The Transportation Fund is utilized directly for the purpose of aiding in the education of the school children of the State of Texas. As such, it is strictly State money, albeit in the custody of county depositories. Inasmuch as the Commissioner of Education has the duty of accounting for all funds disbursed from the State Available School Fund, this duty must extend to an audit of all State school funds which he has allocated to the county depositories for school use.

As regards the County Administration Fund, the situation is virtually the same. This fund is for the payment of salaries and traveling expenses for authorized personnel of the County Superintendent's office. The Court in Webb County v. Board of School Trustees of Laredo, 95 Tex. 131, 65 S.W. 878 (1901), held that the county school superintendent is an agent of the State, although nominally a county official. Extending this view to the present situation, we find that the State funds are being paid out to a county to support and maintain an agent of the State. In this situation it is clear that a county auditor should not have the responsibility for conducting an audit of these

Honorable J. W. Edgar, page 3 (WW-1225)

funds. Such an audit should be the responsibility of the State agency which must account for the overall State Available School Fund.

The State Commissioner of Education having the responsibility of accounting for the State Available School Fund, it follows that the Commissioner has the authority and duty to prescribe regulations for the supervision of the County Administration Fund and Transportation Fund under Article 2700, Section 4, Vernon's Civil Statutes, and may make original audits of these funds where the situation demands it.

## S U M M A R Y

The Central Education Agency has the responsibility and authority to prescribe regulations for the auditing of State Funds allotted to the County Administration Fund and Transportation Fund, and may make original audits of such funds if necessary.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Malcolm L. Quick
Assistant

MLQ:dhs

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Leonarz
Marietta Payne
Morgan Nesbitt
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.